## FISK & AL. vs. CANNON.

If the plaintiff declare on a written contract, he cannot give in evidence one by parol.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. This case comes upon a bill of exceptions, taken to the decision of the judge *a quo*, refusing to permit the plaintiff to give parol evidence to shew that the written contract, on which he sued, had been subsequently cancelled, and made null and void, and a new one substituted in its place.

The judge did not err. For if the original contract was merged in a new one, whether that new one were verbal or reduced to writing, it was the duty of the plaintiff to have declared on it. On referring to the petition we find the original agreement is set out, this was what the defendant came to resist, and he was not obliged to enter into an investigation of any

other. It would be violating a rule which our courts are in the almost daily habit of enforcing, to permit a party to allege one thing, and prove another.

FISK & ALS.
*vs.*
CANNON.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be affirmed with costs.

*Maybin* for the plaintiffs ; *Livingston* and *Ripley* for the defendant.